(263 P.3d 217)
Nos. 104,081
104,082

STATE OF KANSAS, *Appellee*, v. ANTONIO S. D. BROWN, *Appellant*.

Opinion filed September 23, 2011.

*Matthew J. Edge*, of Kansas Appellate Defender Office, for appellant.

*Bree Gorynski*, legal intern, *Patrick J. Hurley*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREENE, C.J., MALONE and BRUNS, JJ.

MALONE, J.: Antonio S. D. Brown appeals the district court's decision denying his motion to withdraw his no contest pleas prior to sentencing. Brown claims the district court erred by failing to find that he showed good cause to withdraw his pleas. In the alternative, Brown argues that even without a showing of good cause, the district court had the discretion to allow him to withdraw his pleas before sentencing and the district court erred by failing to consider whether to exercise that discretion. For the reasons set forth herein, we affirm the district court's judgment.

On October 21, 2008, the State charged Brown with three counts of aggravated robbery, one count of aggravated burglary, and one count of conspiracy to commit aggravated robbery in case No. 2008 CR 1569 (the 2008 case). The next day, the district court appointed Craig Stancliffe to represent Brown. On July 30, 2009, the State charged Brown with one count of attempted robbery and one count of aggravated battery in case No. 2009 CR 1182 (the 2009 case). The second count was later amended to attempted aggravated battery. On August 10, 2009, the district court appointed Stancliffe to represent Brown in the 2009 case as well.

On September 2, 2009, Brown filed a letter with the district court stating he was having communication problems with Stancliffe and requesting a new attorney for both cases. The district court held a hearing on September 18, 2009, and both Brown and Stancliffe addressed the court. The district court ultimately denied Brown's request for a new attorney, finding that Stancliffe was still able to continue in a working relationship with Brown, that Stancliffe had zealously represented Brown, and that it would be to Brown's disadvantage to appoint new counsel with a jury trial scheduled 3 weeks away.

On October 2, 2009, Brown pled no contest to aggravated robbery in the 2008 case and attempted aggravated battery in the 2009 case. Pursuant to a plea agreement with the State, the remaining charges were dismissed along with two additional pending cases

against Brown. The district court found Brown guilty on both counts. Prior to sentencing, Brown filed a pro se motion to withdraw his pleas, stating he never wanted to plead no contest but Stancliffe had talked him into the pleas. Shortly thereafter, Brown filed a pro se motion for new counsel in both cases. Stancliffe also filed a motion to withdraw as counsel due to the likelihood of the State calling him as a witness at the hearing on Brown's motion to withdraw his pleas. On October 30, 2009, the district court removed Stancliffe from the cases and appointed new counsel to represent Brown.

On November 16, 2009, the district court held a hearing and heard testimony from both Brown and Stancliffe. The following day, the district court announced its decision from the bench. The district court noted the burden was on Brown to show good cause to withdraw his pleas. The district court found that Brown was represented by competent counsel; that Brown was not misled, coerced, mistreated, or unfairly taken advantage of; and that the pleas were fairly and understandingly made. Accordingly, the district court denied Brown's motion to withdraw his pleas. On December 15, 2009, the district court sentenced Brown to 72 months' imprisonment in the 2008 case and to 12 months' imprisonment in the 2009 case. Brown timely appealed.

Brown first claims the district court erred by failing to find that he showed good cause to withdraw his pleas. Brown focuses his argument on the district court's finding that Brown was not misled, coerced, mistreated, or unfairly taken advantage of when he entered his pleas. The State argues that Brown's claim of coercion was unsupported by the evidence and that Brown failed to show good cause to withdraw his pleas.

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2010 Supp. 22-3210(d)(1). District courts should consider three factors when determining whether a defendant demonstrates good cause to withdraw a plea before sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether

the plea was fairly and understandingly made. All three factors need not apply in a defendant's favor. The district court also may consider other factors when determining whether good cause is shown. *State v. Anderson*, 291 Kan. 849, Syl. ¶ 2, 249 P.3d 425 (2011).

"Appellate courts review a district court's decision in a presentence motion to withdraw a plea for abuse of discretion." 291 Kan. 849, Syl. ¶ 1. "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. [Citation omitted.]" *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

At the hearing on Brown's motion to withdraw his pleas, Brown testified that he had difficulty communicating with Stancliffe. Specifically, Brown testified that whenever he said something Stancliffe did not like, Stancliffe became angry, yelled at him, and told him he had no .chance of winning at trial. Brown further testified that Stancliffe did not listen to his statements about his case and paid no attention to him. Finally, Brown testified that he entered the no contest pleas because he felt that if he proceeded to trial with Stancliffe as his attorney, Stancliffe would not represent him to the best of his ability.

However, Brown also admitted at the hearing that Stancliffe read the plea agreement to him. Brown acknowledged that he signed the agreement and initialed the provision that no one made any threats or promises to him. Brown further conceded that he understood he had the ultimate decision whether to plead no contest. On cross-examination, Brown admitted that he told the district judge at the plea hearing that he had not been threatened in order to enter the pleas, and he told the judge he did not have any questions about the plea agreement.

Stancliffe also testified at the hearing that he went over the plea agreement with Brown, read every sentence to him, had Brown initial the form, and answered any questions Brown had about the agreement. Stancliffe testified that Brown was very involved in the plea negotiations, that Brown discussed the possible dispositions of the cases with him, and that Brown had even requested a coun-

teroffer to the pleas during negotiations. Stancliffe acknowledged that he showed Brown a letter from the prosecutor's office, which stated that if Brown did not accept the plea offer, he would be facing a longer term of imprisonment. However, Stancliffe denied personally threatening or coercing Brown in order to get him to enter the pleas.

After hearing the testimony and reviewing the transcript of the plea hearing, the district court found that Brown had not been misled, coerced, mistreated, or unfairly taken advantage of when entering the pleas. The district court considered Brown's testimony regarding his prior experience in the court system and his ability to file pro se motions with the court throughout his cases. Further, the district court found that Brown had ample opportunity to speak up during the plea hearing and state that he did not want to enter the pleas. The district court concluded that Brown understood what he was doing and that his fear that Stancliffe would not represent him at trial to the best of his ability was unfounded. The district court ultimately denied Brown's motion to withdraw his pleas, finding that he was not threatened but rather was "having remorse over [his] situation and that's not a reason to set aside [a] plea."

The evidence supports the district court's findings and the district court's ultimate decision to deny Brown's motion to withdraw his pleas. Brown has failed to show that the district court's decision was arbitrary, fanciful, or unreasonable or that no reasonable person would have agreed with the district court's decision. We conclude the district court did not err by failing to find that Brown showed good cause to withdraw his pleas.

In the alternative, Brown argues that even without a showing of good cause, the district court had the discretion to allow him to withdraw his pleas before sentencing and the district erred by failing to consider whether to exercise that discretion. This argument requires an interpretation of K.S.A. 2010 Supp. 22-3210(d)(1). Interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

As stated above, K.S.A. 2010 Supp. 22-3210(d)(1) provides: "A plea of guilty or *nolo contendere*, for good cause shown *and* within the discretion of the court, may be withdrawn at any time before sentence is adjudged." (Emphasis added.) Brown asserts that the plain language of the statute establishes two independent conditions under which a district court may permit withdrawal of a guilty or no contest plea: (1) upon a showing of good cause or (2) at the court's discretion. Brown concedes that K.S.A. 2010 Supp. 22-3210(d)(1) uses the word "and" where he would have this court read the word "or," and he further concedes that the term "and" is ordinarily conjunctive. See *State v. Johnson*, 289 Kan. 870, 879, 218 P.3d 46 (2009) (stating "and" is ordinarily conjunctive, while "or" is ordinarily disjunctive). However, Brown argues that the term "and" may be read as a disjunctive when it is necessary to carry out the legislative intent of the statute. See *McMechan v. Everly Roofing, Heating & Air Conditioning, Inc.*, 8 Kan. App. 2d 349, 351, 656 P.2d 797, *rev. denied* 233 Kan. 1092 (1983).

Brown's argument has been previously advanced to and rejected by this court in at least three unpublished opinions. See *State v. Sullivan*, No. 102,057, 2011 WL 148889, at *1-2 (Kan. App. 2011) (unpublished opinion), *rev. denied* 291 Kan. 918 (2011); *State v. Young*, No. 102,272, 2010 WL 3853152, at *1-2 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 918 (2010); *State v. Vasquez*, No. 99,492, 2008 WL 4916332, at *2 (Kan. App. 2008) (unpublished opinion), *rev. denied* 288 Kan. 835 (2009). These three panels found there was no reason to rewrite the statute to interpret "and" as "or." See *Sullivan*, 2011 WL 148889, at *1 (statute imposes a single standard with two components); *Young*, 2010 WL 3853152, at *1 (court has a choice to allow plea withdrawal, but only when defendant has shown good cause); *Vasquez*, 2008 WL 4916332, at *2 (argument flies in the face of the clear expression of the legislature).

Also, in *State v. Aguilar*, 290 Kan. 506, 231 P.3d 563 (2010), our Supreme Court addressed the withdrawal of a guilty plea before sentencing and used language that further forestalls Brown's interpretation of K.S.A. 2010 Supp. 22-3210(d)(1). In *Aguilar*, the court stated that when the defendant moved to withdraw her guilty

plea before sentencing, "the district judge was required to determine in his discretion whether she demonstrated good cause for withdrawal." 290 Kan. at 511. See also *Sullivan,* 2011 WL 148889, at *1 (recognizing *Aguilar's* foreclosure of the argument raised here by Brown). Finally, our Supreme Court reaffirmed this interpretation of the statute in *Anderson,* 291 Kan. 849, Syl. ¶ 1 ("A defendant must establish good cause for a plea withdrawal before sentencing.").

We interpret K.S.A. 2010 Supp. 22-3210(d)(1) to mean that a defendant must show good cause for a plea withdrawal before sentencing. If a defendant has shown good cause to the court that his or her plea should be withdrawn, the court may allow the defendant to withdraw the plea, exercising the discretion granted by the legislature. Stated another way, the court has a choice, but only when the defendant has shown good cause. However, if the defendant has failed to show good cause, the court has no choice but to deny the defendant's request to withdraw the plea. Here, Brown failed to show good cause, and the district court did not err in denying his motion to withdraw his no contest pleas prior to sentencing.

Affirmed.