No. 105,685

STATE OF KANSAS, *Appellee*, v. CHARLES HANEY, *Appellant*.

(323 P.3d 164)

Opinion filed April 25, 2014.

*Gerald E. Wells*, of Lawrence, was on the brief for appellant.

*Amy L. Aranda*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: After being charged with numerous sex offenses involving his teenage stepdaughter, Charles Haney agreed to plead nolo contendere to one count each of aggravated sodomy and attempted aggravated sodomy. In exchange for the plea, the State dismissed the other charges and agreed to a sentencing recommendation that permitted Haney to seek a shorter prison term through a durational departure, but he could not seek probation. Although the district court knew that the Board of Indigents' Defense Services (BIDS) had approved Haney's request to fund a sex offender evaluation to use in support of his motion for a durational departure sentence, the court denied Haney's request to continue the sentencing hearing to allow for the completion of that evaluation. The Court of Appeals found the district court's continuance

denial was erroneous but harmless. *State v. Haney*, No. 105,685, 2012 WL 3135719, at *4 (Kan. App. 2012) (unpublished opinion). We granted review.

Finding that the district court committed reversible error by denying Haney's motion to continue the sentencing hearing, we vacate his sentence and remand for further proceedings consistent with this opinion. Given our disposition, Haney's request for a remand pursuant to *State v. Van Cleave*, 239 Kan. 117, Syl. ¶ 2, 716 P.2d 580 (1986), for a hearing on the effectiveness of his counsel is rendered moot.

## FACTUAL AND PROCEDURAL OVERVIEW

The circumstances giving rise to the numerous sex offenses Haney allegedly committed against his teenage stepdaughter are not germane to this appeal. The important fact is that the agreement prompting Haney's nolo contendere plea permitted him to file a motion for a durational departure from the sentence recommended in the plea agreement. The State's agreed-upon recommendation was consecutive sentences of 155 months for the aggravated.criminal sodomy charge and 61 months for the attempted aggravated criminal sodomy charge. Although the agreement allowed Haney to ask the court for a reduced prison term, he could not seek a dispositional departure to probation.

At the plea hearing, Haney requested that the district court approve funding for an expert to conduct a sex offender evaluation to support his motion for a durational departure. Specifically, Haney believed that expert testimony could establish that the acts he committed were aberrational and that he posed no risk for committing similar offenses in the future. The district court did not object to Haney's request for an expert opinion but instructed Haney to seek the evaluation funding through BIDS.

Prior to the sentencing date that had been set by the court, Haney filed a motion to continue, claiming that he was still awaiting funding approval from BIDS for his sex offender evaluation. At the hearing on the continuance motion, Haney's trial attorney advised the district court that BIDS had since approved the funding; the evaluation could be conducted in the following 2 weeks; a report

would be issued 10 days after the evaluation; and, accordingly, Haney was requesting a 1-month continuance of the sentencing hearing. The district court denied the motion, finding that the sex offender evaluation would only be relevant to the type of treatment that Haney would need if he obtained probation, which was not an option in his case. Furthermore, the court opined that the purpose of a professional sex offender evaluation could be fulfilled through another method, to-wit: "Or we can put Mr. Haney on the stand and he can testify, and I [the district judge] could look him in the eye and determine whether he's telling the Court the truth or not and determine whether that's an appropriate sentence or not."

After the court refused to continue the sentencing hearing to allow Haney to obtain the departure evidence he sought, Haney filed a written motion for departure, simply arguing, *inter alia*, that the crimes of conviction were completely out of character for him; that he had no record of sexual or physical violence; and that the evidence did not suggest that he was a danger to the community at large or to the victim. The district court denied the departure motion, ironically declaring that "there's really no evidence, only argument, as to whether a departure should be granted." Subsequently, the district court sentenced Haney to consecutive terms of 155 months and 61 months, pursuant to the State's recommendation.

Haney filed a timely appeal, arguing that the district court erred in refusing to continue sentencing so he could present evidence in mitigation of his punishment, pursuant to K.S.A. 2013 Supp. 22-3424(e)(4), and to support his motion for downward departure, pursuant to K.S.A. 21-4716. Haney argued that the sex offender evaluation would have provided the court with scientific evidence to support a lesser sentence.

In addition, Haney requested the Court of Appeals to remand the case to the district court in order to conduct a *Van Cleave* hearing on his claim that his sentencing counsel was ineffective for failing to request that the judge recuse himself. That claim was founded upon Haney's sworn statement that his trial counsel had advised him that the judge presiding over his case was biased

against defendants charged with sex offenses, giving two specific instances where the judge had displayed his prejudice.

The Court of Appeals found that "the district court abused its discretion in denying Haney the additional opportunity to present mitigation evidence under K.S.A. 2011 Supp. 22-3424(e)(4)," but it opined that the allocution error was harmless. *Haney*, 2012 WL 3135719, at *4. The panel also refused to remand Haney's ineffective assistance of counsel claim to the district court for a *Van Cleave* hearing, apparently because it found no merit to his allegations of ineffectiveness. 2012 WL 3135719, at *5. We granted Haney's timely petition for review.

## MOTION TO CONTINUE SENTENCING

Haney challenges the district court's denial of his motion to continue the sentencing hearing in order to permit him to obtain a sex offender evaluation to use as evidence in support of his departure motion. Haney claims that denying the continuance effectively denied him the right under K.S.A. 2013 Supp. 22-3424(e)(4) "to present any evidence in mitigation of punishment" and foreclosed the court's consideration of any mitigating circumstances that might have been revealed by the evaluation. See K.S.A. 21-4716(c)(1) ("mitigating factors may be considered in determining whether substantial and compelling reasons for a departure exist").

*Standard of Review*

K.S.A. 22-3401 provides that the district court may grant a continuance "for good cause shown," and that provision is applicable to sentencing hearings. See *State v. Beaman*, 295 Kan. 853, 862-63, 286 P.3d 876 (2012). In a criminal case, the decision to continue a case lies within the sound discretion of the district court. *State v. Cook*, 281 Kan. 961, 986, 135 P.3d 1147 (2006). Accordingly, we generally review a denial of a continuance on an abuse of discretion standard by determining whether the ruling was arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court. But an abuse of discretion can occur where the ruling is based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion, or where the ruling

is based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Roberts*, 293 Kan. 1093, 1097, 272 P.3d 24 (2012).

*Analysis*

We discern that the district court's overarching reason for denying Haney's request for additional time in which to obtain a sex offender evaluation was its belief that such evidence was unnecessary. On one level, the district court reasoned that the report of a sex offender expert would only parrot what Haney had told the evaluator. Therefore, the judge opined that Haney could simply testify in front of the judge, who would look Haney in the eye, determine whether he was being truthful, and assess whether the proposed sentence was appropriate. Additionally, the district court declared that sex offender evaluations were only used to determine the type of treatment that would be appropriate for a defendant who was being placed on probation, which was not an option for Haney. The Court of Appeals panel apparently rejected the district court's rationale, given that it found an abuse of discretion in the denial of Haney's right to present mitigating evidence. We agree with the implicit ruling of the panel; the district court's reasons for denying the continuance were erroneous and unavailing.

First addressing the latter holding—that sex offender evaluations are only used to assess treatment programs for those receiving probation—we believe the district court too narrowly construed the nature and purpose of sex offender evaluations. Such evaluations are often requested during the sentencing or disposition phase of the court process in order to identify, among other things, the level of risk for sex offense recidivism. These evaluations are frequently used to assist judges with making well-informed dispositional determinations. See, *e.g.*, *Hornecker v. State*, 977 P.2d 1289, 1292-93 (Wyo. 1999) (finding that sex offender evaluation was of assistance in imposing defendant's sentence). For example, if, as Haney believed, his evaluation had produced a risk assessment that there was zero chance that he would ever again commit a sex offense, such evidence could arguably provide the substantial and compel-

ling reason needed to support a durational departure sentence. The district court's misunderstanding as to the legal effect of a sex offender evaluation rendered its decision based upon that improper legal conclusion an abuse of discretion.

Next, we soundly reject the district court's declaration that the defendant's own testimony, coupled with the court's astute ocular observation, was an adequate substitute for an expert's evaluation and testimony. Certainly, the defendant could not qualify to give expert testimony on sex offenders in general or himself in particular. Likewise, although we presume our trial judges are imbued with a great deal of wisdom, we decline to hold that a person appointed or elected to the district court bench has qualified as an expert in sex offender evaluations. See *In re Care & Treatment of Girard*, 296 Kan. 372, 377, 294 P.3d 236 (2013) (holding that actuarial risk assessment instruments utilized in sex offender evaluations constitute scientific evidence, and testimony derived from instruments is expert scientific opinion). Clearly, it was an abuse of discretion for the district court to require the defendant to forego an expert's scientific testimony on risk assessment in favor of looking the judge in the eye while testifying.

We have no hesitation in finding an abuse of discretion in the district court's denial of Haney's motion to continue the sentencing hearing to permit him to obtain evidence to present in mitigation of his punishment, as required by K.S.A. 2013 Supp. 22-3424(e)(4). But our inquiry is not complete; we must assess whether the error was harmless. If error does not infringe upon a constitutional right, we apply the harmless error analysis of K.S.A. 2013 Supp. 60-261, which provides that "[u]nless justice requires," no error by the court is ground for vacating a judgment. In other words, we must determine whether there is a reasonable probability that the error affected the outcome of the proceeding below. See *State v. Marks*, 297 Kan. 131, 148, 298 P.3d 1102 (2013). The State, as the party benefitting from the error, bears the burden of proof. 297 Kan. at 148.

As noted previously, after denying Haney the opportunity to obtain evidence to present at the departure hearing, the district court then denied the departure motion based upon the lack of evidence.

Curiously, the Court of Appeals relied on that circular rationale to find that the trial court's error was harmless, stating: "Given the district court's conclusion that Haney only presented arguments and not evidence, there is no reasonable possibility in light of the entire record that Haney would have received a lesser sentence had the district court granted a continuance." *Haney*, 2012 WL 3135719, at *4. A fair reading of that holding would be that the denial of Haney's statutory right to present evidence is harmless where the denied evidence was not presented. We decline to chase our tail in such a fashion, and we cannot declare that the lost opportunity to present evidence in mitigation of punishment was harmless in this case. *Cf. State v. Randolph*, 297 Kan. 320, 337, 301 P.3d 300 (2013) (finding error not harmless under K.S.A. 2013 Supp. 60-261 where district court applied wrong statutory factors in ruling on departure motion).

We therefore vacate Haney's sentence and remand with directions that Haney be given an opportunity to obtain a sex offender evaluation to use in support of his departure motion at resentencing. Additionally, we direct that the case be assigned to a different judge for resentencing.

## *VAN CLEAVE* HEARING

Haney's petition for review also claims the Court of Appeals erred in refusing to remand his ineffective assistance of counsel claim for a *Van Cleave* hearing in the district court. The specific issue raised was whether Haney's trial counsel was ineffective for failing to request that the sentencing judge recuse himself based upon prejudice against defendants charged with sex offenses. Haney's ineffective assistance of counsel claim is now moot, given that we are ordering resentencing before a different judge, *i.e.*, given that Haney will receive what he claims his trial counsel should have obtained for him.

Judgment of the Court of Appeals is reversed. Judgment of the district court is reversed. Defendant's sentence is vacated, and the matter is remanded for resentencing before a different judge after defendant is permitted to obtain a sex offender evaluation.