NOT DESIGNATED FOR PUBLICATION

No. 120,583

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY SCOTT LAFFOON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Opinion filed April 3, 2020.
Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jacqie Spradling*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Timothy S. Laffoon pleaded guilty to aggravated assault with a deadly weapon and criminal threat. He appeals the district court's denials of his motion to continue a plea withdrawal hearing and his presentence motion to withdraw his plea. Because we find the district court did not abuse its discretion by denying either motion, we affirm.

1

*Factual and Procedural Background*

The State charged Laffoon with aggravated assault with a deadly weapon, two counts of criminal threat, and criminal use of a weapon. Following a signed plea agreement, he pleaded guilty to aggravated assault with a deadly weapon and one count of criminal threat. The State dismissed the remaining counts.

At the plea hearing in April 2018, Burton Harding represented Laffoon. Harding explained that, after going over the plea agreement, Laffoon wished to plea. Under oath, Laffoon agreed he had read and discussed with Harding every part of the petition to enter a plea. Laffoon stated he understood the consequences of pleading to two felonies. Laffoon confirmed that his plea was voluntary. He also affirmed he had sufficient time to discuss his plea with Harding and was satisfied with Harding's representation. When the district court asked him if he was pleading guilty because he was guilty, Laffoon responded, "Yes, sir."

The State gave this factual basis for the plea:

"If the Court please, on the evening of August 22nd, 2017, law enforcement officers were dispatched to a home here in Bourbon County, Kansas. There they met and spoke with Tamara Royal-Bey, who indicated that this defendant had come over to her house and had taken an aggressive stance displaying a switchblade knife in his right hand and pointed that knife at her and her family. As a result of the defendant's actions, Ms. Bey was placed in a reasonable apprehension of immediate bodily harm. In an attempt to protect his mother, her 16-year-old son, DLR, instructed the defendant to leave the premises. The defendant told the juvenile, quote, watch who you fuck with, end quote, intending that statement to cause fear in the juvenile."

2

Laffoon affirmed this would be the State's evidence at trial. Finding Laffoon had made the plea freely and voluntarily and had admitted to the essential factual elements for the crimes, the district court accepted Laffoon's plea.

On May 1, 2018, Harding filed both a motion to withdraw as counsel and a motion to withdraw Laffoon's plea. The plea withdrawal motion stated Laffoon wished to withdraw his plea because "Mr. Laffoon has a difference of opinion from his attorney and no longer wishes to take his attorney's advice." The State responded that the district court should summarily deny Laffoon's plea withdrawal motion because Laffoon had not asserted facts showing good cause to withdraw a plea.

Despite having moved to withdraw as counsel, Harding continued to represent Laffoon at several hearings. At each hearing, the district court granted continuances to address issues with representation. On July 5, 2018, the district court granted Harding's withdrawal as Laffoon's counsel. Five days later, the district court appointed Jason Wiske.

On July 12, 2018, Jason Wiske appeared with Laffoon before the district court. Wiske moved the district court to set the plea withdrawal hearing and sentencing for early September. This was so Wiske would have time to meet with Laffoon and review the case before Laffoon's sentence. The district court continued the hearing to September 28, 2018.

At the start of the September hearing, Wiske moved the district court for a continuance because Wiske had not been able to meet with Laffoon. He also wanted to file a "proper motion" once he had heard why Laffoon wanted to withdraw his plea. The State did not object to a continuance. But instead of continuing the case, the district court allowed Wiske to confer with Laffoon in the hallway. Upon return, Wiske still requested

a continuance to research the issue and file a new motion. The district court denied this request and proceeded with the hearing.

While testifying, Laffoon explained he wanted to withdraw his plea because

"[Harding and I] really didn't have a chance to talk and I really didn't realize how serious the charges were. I didn't realize I would go up from my level H to level B on the felony scale I guess. That was pointed out to me by my probation officer."

Laffoon also wanted to tell his side of the story, which he felt he never had a chance to do.

As to the facts, Laffoon admitted that Harding had sent him the State's documents, but he alleged Harding had not reviewed the evidence with him. Laffoon admitted Harding had walked him through the plea agreement, and Laffoon had signed it. Laffoon also affirmed that he had signed the petition to indicate he had every opportunity to talk to Harding about the consequences of his plea.

Harding testified for the State that he had explained to Laffoon on multiple occasions: the charges, the evidence, the best options, the plea agreement, and the consequences of his plea. Harding testified that Laffoon was never happy with the plea. But, based on the evidence, Harding believed a plea would be in Laffoon's best interest. According to Harding, after many discussions, Laffoon decided to enter the plea knowingly, voluntarily, and intelligently. Harding also testified that he had told Laffoon that this conviction would severely affect his criminal history.

The district court denied Laffoon's plea withdrawal motion. It stated that although it could have denied Laffoon's motion on its face, it allowed Laffoon a hearing. Based on the testimony, the district court found that Laffoon had satisfied none of the *Edgar*

4

factors. See *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Instead, it found that Harding was competent and effective counsel and Laffoon fairly and knowingly entered his plea. The district court determined that Laffoon's after-the-fact realization that he would be criminal history score B was not good cause to withdraw a plea.

The district court then sentenced Laffoon to 24 months of probation with an underlying 13-month prison sentence.

Laffoon timely appeals.

## *Did the District Court Err in Denying Laffoon's Request for a Continuance?*

We first address Laffoon's argument that the district court abused its discretion by unreasonably denying his motion to continue the plea withdrawal hearing. Laffoon also contends this denial violated his Sixth Amendment right to counsel.

### *Standard of Review*

In a criminal case, the decision to grant a continuance lies within the district court's sound discretion. As a result, this court reviews a denial of continuance under the abuse of discretion standard. *State v. Haney*, 299 Kan. 256, 259, 323 P.3d 164 (2014). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). And, under abuse of discretion, this court defers to the district court's fact finding, declining to reweigh evidence or assess witness credibility. See *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019).

*Analysis*

After allowing Wiske and Laffoon to meet in the hallway, the district court denied the renewed request to continue the hearing:

> "Well, I can appreciate your request for a continuance. This case has been pending though, for a long time. As I indicated previously, it's a relatively straightforward issue. To be quite honest, I could have denied the motion sua sponte without appointing a new attorney and scheduling for a hearing based on the law, but I've decided to allow Mr. Laffoon the opportunity to have a different attorney on this and to be able to tell the Court—if you are going to call him, Mr. Wiske—tell the Court his reasons to withdraw the plea. So let's go ahead and complete the hearing. The burden is on the defendant."

On appeal, Laffoon contends the district court's ruling was unreasonable. First, Laffoon contends the district court unreasonably justified its denial in mentioning the length of the case. Wiske represented Laffoon for only two months before the hearing and during that time Laffoon did not have a phone or transportation.

Still, a reasonable person could believe that two months was sufficient time for Wiske and Laffoon to act on this case. And the record shows that, despite Laffoon's lack of phone or transportation, he had been able to meet with Harding on multiple occasions. Often, Laffoon and Harding would meet in the hallway of the courthouse, as the district court allowed here. And the record does not reveal that Laffoon's circumstances detrimentally changed between Harding and Wiske's representation. Thus Laffoon's arguments do not convince us that the district court was unreasonable in considering the length of the case.

Second, Laffoon argues the district court mistook the issue as straightforward. Laffoon contends the district court could not know if the issue was straightforward because "there had been no real motion filed." Yet this fails to show how the district

6

court was unreasonable. The district court needed to consider only the motion before it—it could not anticipate grounds not stated in the motion. The district court was not obligated to hold a hearing on that motion. See Supreme Court Rule 133(c) (2019 Kan. S. Ct. R. 204) (stating the district court may forego a motion hearing if oral argument would not materially aid the court). It was not unreasonable for the district court to consider whether to grant continuance for a hearing on that motion. And, as the district court noted and Laffoon admits, the motion was facially deficient. Thus, the district court properly found the motion to be straightforward.

Third, Laffoon argues the district court was unreasonable because it failed to allow Wiske to correct the facially deficient motion. But the district court was under no duty to continue the hearing to allow Wiske to file a new motion. See *State v. Beaman*, 295 Kan. 853, 864, 286 P.3d 876 (2012) ("[S]imply arguing that there 'may' be an issue worthy of another motion is insufficient to justify a continuance.").

Despite Laffoon's failure to amend his plea, the district court allowed Laffoon to testify why he wanted to withdraw his plea. Then the district court analyzed all the evidence using the proper legal standard—the three *Edgar* factors. We find that the district court acted reasonably and did not abuse its discretion in denying Laffoon's motion to continue.

*Did the District Court Deny Laffoon His Right to Effective Assistance of Counsel in Violation of the Sixth Amendment?*

Laffoon also claims that the district court's denial of a continuance violated his Sixth Amendment right to the effective assistance of counsel.

*Standard of Review*

When a defendant claims the denial of a continuance deprived him of rights under the United States Constitution, we review the challenge under a de novo standard. *State v. Robinson*, 303 Kan. 11, 85, 363 P.3d 875 (2015), *disapproved of on other grounds by State v. Cheever*, 306 Kan. 760, 402 P.3d 1126 (2017).

*Analysis*

The Sixth Amendment right to counsel extends to defendants in postconviction proceedings where the State is represented by counsel. See *State v. Prado*, 299 Kan. 1251, 1256, 329 P.3d 473 (2014). So Laffoon had the right to counsel at the motion hearing because the State was represented by counsel.

Laffoon does not contend Wiske was ineffective. Instead, Laffoon claims that the district court violated his Sixth Amendment right to counsel because it "denied the opportunity to be effectively represented by counsel."

However, the district court's restriction on Wiske's opportunity to further meet with Laffoon and to file a new motion is not per se a Sixth Amendment violation. See *Morris v. Slappy*, 461 U.S. 1, 11, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983) ("Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel."). A district court's denial of a continuance violates the Sixth Amendment only where it denies it on "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" 461 U.S. at 11-12 (citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 [1964]). As shown above, the district court's denial was reasonable. Thus it does not reach this standard.

Yet Laffoon seeks a constitutional hook by analogizing this case to *State v. Anthony*, 257 Kan. 1003, 1019, 898 P.2d 1109 (1995). Laffoon asks this court to use the five factors *Anthony* considers when a continuance is sought to retain new counsel—all of which he believes are in his favor.

"*Anthony* applies in situations where defendant seeks a continuance for the purpose of retaining new counsel, thereby placing the defendant's Sixth Amendment right to counsel of choice in competition with the court's discretionary power to deny continuances. 257 Kan. at 1019." *Robinson*, 303 Kan. at 90. In *Anthony*, the defendant requested a continuance twenty days before trial to allow his appointed counsel to withdraw and his newly retained counsel time to prepare for trial. His motion for new counsel hinged on receiving a continuance. Thus, the district court's discretion was placed inapposite to the defendant's right to counsel.

That is not the case here. When the district court denied Laffoon's continuance, Wiske had served as his counsel for almost three months. And Laffoon was not seeking new counsel. Thus, Laffoon's case is not analogous to *Anthony* and we do not apply its test. See *State v. Ly*, 277 Kan. 386, 391, 85 P.3d 1200 (2004) (stating *Anthony* five-factor test only applies when defendant requests a continuance so he could retain new counsel).

Laffoon's claim that he was denied the opportunity to be effectively represented by counsel does not amount to a Sixth Amendment claim.

*Did the District Court Err in Denying Laffoon's Presentence Motion to Withdraw His Plea?*

The district court denied Laffoon's presentencing motion to withdraw his plea because Laffoon failed to show good cause. Laffoon argues this was an abuse of discretion. He first contends the district court incorrectly applied the Sixth Amendment

9

right to counsel standard instead of the lower *Edgar* competent counsel standard. Second, Laffoon believes that the first and third *Edgar* factors are met, showing good cause. Third, he argues his plea was not fairly and knowingly made because the district court lacked a sufficient factual basis to accept it.

*Preservation*

If an issue was not raised in the district court, it cannot be raised on appeal. See *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014). Under Kansas Supreme Court Rule 6.02(a)(5) to preserve an issue, an appellant must point to the specific location in the record where he raised the issue and when the court ruled on that issue. (2019 Kan. S. Ct. R. 34). The reason for this rule is simple—a trial court cannot wrongly decide an issue never before it. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003). While some exceptions apply to this rule, failure to argue an applicable exception may lead to this court to refuse to hear the issue. See *State v. Godfey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015).

Laffoon's motion stated that he wanted to withdraw his plea because of his disagreements with Harding. At the plea withdrawal hearing, Laffoon offered different reasons:

- "We really didn't have a chance to talk and I really didn't realize how serious the charges were. I didn't realize I would go up from my Level H to Level B on the felony scale I guess."

- "I'd like to tell my side of the story, actually. I never had a chance to do such a thing."

Using an *Edgar* factor analysis, the district court ruled Laffoon failed to meet his burden to show good cause. The district court determined Laffoon's actual rationale for withdrawing his plea: "I understand what you are saying, Mr. Laffoon. You found out after the fact that if you commit a new felony in the future, that you are going to be criminal history B." While Laffoon did not make a legal argument at the hearing, Laffoon's argument could be interpreted as twofold: (1) Harding was incompetent counsel, and (2) because Harding did not give the exact new criminal history score, Laffoon did not enter his plea fairly and understandingly. Viewing these arguments generously, we find Laffoon's first two issues are preserved—that the district court incorrectly applied the Sixth Amendment right to counsel standard, and that the first and third *Edgar* factors are met.

But Laffoon's third issue is that the district court failed to find a sufficient factual basis for his plea. Laffoon contends that factual basis was insufficient because the State failed to proffer evidence of a true threat. He argues that his statement "Watch who you fuck with" was "simply a statement . . . warning [the juvenile] to quit messing" with him, but it is not a threat to commit violence. Yet Laffoon does not show where he raised this issue in the record. And Laffoon does not identify an applicable exception which would permit him to raise this issue for the first time on appeal. See *State v. Sanders*, 310 Kan. 279, 303, 445 P.3d 1144 (2019) (refusing to review related, but distinguishable, issues for failure to explain why issues were properly before the court). Thus this third issue is not preserved.

*Standard of Review*

An appellate court reviews the denial of a presentence motion to withdraw a plea and the underlying determination that the defendant has not met its burden to show good cause under the abuse of discretion standard, which we explained above.

11

*Analysis*

A defendant may withdraw a plea for good cause and within the discretion of the district court at any time before sentencing. K.S.A. 2019 Supp. 22-3210(d)(1). In determining whether the defendant has shown good cause, the district court typically considers the following three factors—commonly known as the *Edgar* factors: (1) whether competent counsel represented the defendant; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018) (quoting *Edgar*, 281 Kan. at 36). These factors do not form an exclusive list, so the district court may consider other factors when considering the existence of good cause. 307 Kan. at 503. If a defendant fails to show good cause, the district must deny the defendant's request to withdraw his plea. *State v. Brown*, 46 Kan. App. 2d 556, 562, 263 P.3d 217 (2011).

*No error of law in finding counsel competent*

Laffoon first claims that the district court incorrectly applied a higher legal standard when considering Harding's representation. When deficient attorney performance under the Sixth Amendment is alleged, the court applies the two-pronged *Strickland* analysis: "(1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different." *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). However, to show good cause to withdraw a plea, the defendant need not show counsel's constitutionally deficient performance. Rather, counsel's "'[m]erely lackluster advocacy'" may be enough to show good cause under the first *Edgar* factor. *State v. Schaefer*, 305 Kan. 581, 589, 385 P.3d 918 (2016).

12

Laffoon argues he showed good cause because Harding was lackluster. And he contends the district court incorrectly applied the higher constitutional test, instead of the *Edgar* test, and thus failed to find good cause. Laffoon bases this on the district court's statement: "There's been insufficient evidence presented that Mr. Harding was *ineffective* or incompetent counsel. . . . So I'm going to find Mr. Harding was competent and *effective* counsel." (Emphases added.)

Yet merely using the word "effective" does not mean the district court applied the higher standard. Even so, the district court could have applied both standards without making an error of law, as long as the lower *Edgar* standard controlled its analysis. And the record shows that when reciting the applicable law, the district court cited the correct *Edgar* standard—nowhere did the district court cite *Strickland* or its constitutional test.

But even assuming the district court misapplied the law, we find such an error to be harmless. No evidence shows that Harding's representation of Laffoon was arguably lackluster. As the district court found:

> "In fact, the testimony has been that he had met with you several times, had several conversation[s] with you regarding this case. He advised you on several occasions of a likelihood of success at trial as opposed to a plea. He negotiated a plea bargain which resulted in a dismissal of one-half of your charges, including a person felony what was dismissed as a result of this plea bargain."

We find no legal error.

*No abuse of discretion in finding Laffoon failed to show good cause*

Next, Laffoon argues that he showed good cause. To overturn the district court's finding to the contrary, Laffoon "must establish that no reasonable person would have agreed with the district court's assessment of the three *Edgar* factors and its ultimate

13

conclusion that [Laffoon] failed to establish good cause to withdraw his plea." *State v. Reu-El*, 306 Kan. 460, 472, 394 P.3d 884 (2017).

As to the first *Edgar* factor—whether competent counsel represented the defendant—Laffoon contends that two factors show why it was unreasonable to find that Harding was competent counsel. First, he believes he was improperly charged with the second criminal threat and criminal use of a weapon. He contends these charges would have been dismissed, even without a plea agreement. Thus he argues the plea deal Harding brokered was no bargain at all and its benefits were "illusory." Second, he points to his ignorance about his new criminal history score. For Laffoon, both factors indicate that Harding was lackluster and incompetent.

But Laffoon did not proffer this illusory benefit argument to the district court. It is the defendant's burden to show good cause. *Brown*, 46 Kan. App. 2d at 561. While the plea agreement was discussed in evidence, Laffoon did not make an illusory benefit argument below or discuss his dissatisfaction with the benefits of the plea agreement. It was Laffoon's burden to present this issue, as a good cause showing, to the district court. He failed to do so. A trial court cannot wrongly decide an issue never before it. See *Williams*, 275 Kan. at 288. Thus we will not address Laffoon's illusory benefit argument.

We address whether it was reasonable for the district court to discount Laffoon's ignorance about his criminal history as a factor indicating Harding's incompetence. While Harding could not recall if he mentioned the exact level of criminal history, he told Laffoon that "two person felonies would have a severe impact on his criminal history." A reasonable person could agree that Harding was not incompetent or lackluster when he accurately warned Laffoon about the impact of a future felony on his criminal history score, albeit in general terms.

14

Further, ample evidence supports the district court's finding that Harding was competent. Harding had been a criminal defense attorney for almost ten years. Harding habitually met with Laffoon, despite Laffoon's inability to access a phone or transportation. Harding sent Laffoon copies of the evidence against him. Harding discussed with Laffoon many times his options for trial and a plea. And he told Laffoon the plea would severely affect his criminal history score. Harding negotiated a beneficial plea agreement with the State. The State agreed to dismiss some charges, to recommend that the sentences run concurrently, to recommend the "mid box," and to not file a departure motion. Thus the district court was reasonable in finding that Laffoon failed to show the first *Edgar* factor.

Laffoon does not challenge the district court's finding that he was not misled, coerced, mistreated, or unfairly taken advantage of—the second *Edgar* factor.

As to the third *Edgar* factor—whether the plea was fairly and understandingly made—Laffoon argues because he did not know his criminal history score would be a B if he committed another felony, he showed that his plea was not fairly or understandingly made. And he contends the district court was unreasonable in finding otherwise.

We disagree. As we noted above, Harding more than once discussed the plea with Laffoon. He told Laffoon his plea could have severe consequences on his criminal history score. Laffoon signed the plea petition, stating he entered the plea freely and voluntarily and he understood all matters set forth in the complaint. At the plea hearing, Laffoon testified he had read and discussed with Harding every part of the petition to enter a plea. Laffoon said he understood the plea agreement, knew its consequences, and entered it knowingly and voluntarily. Laffoon stated he understood that he was pleading to two felonies and their consequences. He also stated he had sufficient time to discuss this plea with Harding and was satisfied with Harding's representation. Thus it was reasonable for the district court to find that Laffoon failed to show the third *Edgar* factor.

15

*Conclusion*

The district court did not abuse its discretion by denying Laffoon's motion for a continuance or his motion to withdraw his plea.

Affirmed.