NOT DESIGNATED FOR PUBLICATION

No. 122,566

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER SCOTT EGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court, DAVID A. RICKE, judge. Opinion filed April 2, 2021. Affirmed.

*Stephen T. Ariagno*, of Wichita, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: Christopher Egan pleaded guilty to three counts of sexual exploitation of a child in exchange for the State's promise to drop the remaining 34 counts. A few days later Egan regretted his decision, so he hired new counsel and moved to withdraw his plea. The district court denied that motion. Egan appeals, yet finding no error we affirm.

1

*Factual and Procedural Background*

This case began when Google reported to the National Center for Missing and Exploited Children (NCMEC) Cybertipline hotline that someone had uploaded 303 files to a Dropbox online storage account linked to an email address listed as eganc@cox.net. That account was owned by Egan.

The district court later bound Egan over for trial on 37 counts of felony sexual exploitation of a child. Egan agreed to plead no contest to three of those counts and the State agreed to drop the remaining charges. At the plea hearing, Egan's attorney, Darren Patterson, told the district court he had reviewed with Egan the amended plea agreement and possible sentences and that Egan was prepared to plead to the amended charges. The district court then went through the routine plea colloquy discussing Egan's rights. Egan told the district court that he understood the extended reporting requirements, that he would be on lifetime postrelease supervision because of the nature of his crimes, and that he would face offender registration consequences for the plea. The district court then asked Egan if he was being threatened or promised anything to enter the plea, and Egan replied, "No." Egan said that he was satisfied with Patterson's representation. The district court then accepted Egan's plea of no contest to three counts of sexual exploitation of a child and found Egan guilty of those charges.

Within a few days, Egan had hired new counsel, Stephen Ariagno, and had moved to withdraw his plea. At the hearing on that motion, Ariagno stated that Egan maintained his innocence, that Egan never intended to plea, that Egan had felt coerced and pressured to enter the plea, and that Egan had felt pressured to say he was satisfied with Patterson's legal services. Patterson did not testify. Egan testified:

- He wanted Patterson to hire a computer expert to look into the computer evidence and independently investigate the IP addresses and the files found on the computer;
- the expert did not review the computers until the day before the plea hearing;
- Egan went to Patterson's office the day of the plea hearing thinking they would be asking for a continuance; but
- Patterson pressured Egan to accept the plea, which he reluctantly did.

The State presented no evidence but argued that Egan had entered the plea knowingly and voluntarily and then later regretted it. The State also argued that the district court had conducted a thorough and appropriate plea colloquy and had given Egan plenty of opportunity at the plea hearing to speak up about his concerns. The district court denied Egan's motion.

Egan timely appeals.

*Did the District Court Abuse Its Discretion by Denying Egan's Presentence Motion to Withdraw His Plea?*

Egan argues the district court abused its discretion by denying his presentence motion to withdraw his plea. He argues his testimony met all three of the *Edgar* factors: counsel competency, coercion to enter the plea, and whether the plea was "understandingly made." *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). In contrast, the State contends Egan met none of those factors.

*Standard of Review and Basic Legal Principles*

Because the district court, in its discretion, determines whether to allow the defendant to withdraw his plea before sentencing, we review that decision under an

3

"abuse of discretion" standard. *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). An abuse of discretion occurs if the decision stemmed from an error of law or fact, or no reasonable person would agree with the decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). As the moving party, Egan bears the burden of showing an abuse of discretion. See *Williams*, 290 Kan. at 1053.

Generally, a defendant may not withdraw a no-contest or guilty plea. K.S.A. 2020 Supp. 22-3602(a). But under K.S.A. 2020 Supp. 22-3210(d), the district court may allow the defendant to withdraw the plea once "good cause is shown." See *State v. Brown*, 46 Kan. App. 2d 556, 562, 263 P.3d 217 (2011).

The *Edgar* court set out three factors that the district court should evaluate to determine whether the defendant has shown "good cause" to withdraw his or her plea:

1. Was the defendant represented by competent counsel;
2. was the defendant misled, coerced, mistreated, or unfairly taken advantage of, and
3. was the plea fairly and understandingly made? 281 Kan. at 36.

A district court abuses its discretion by failing to consider the *Edgar* factors when deciding whether good cause exists to withdraw a plea. See *State v. Freeman*, 292 Kan. 24, 30, 253 P.3d 1 (2011). But the district court need not make express findings on each *Edgar* factor; an implicit consideration of the factors is enough. *State v. Harper*, No. 121,943, 2020 WL 7636424, at *3 (Kan. App. 2020) (unpublished decision) (discussing that the district court does not have to make express findings on each *Edgar* factor because the district court's implicit reference to the factors is enough), *petition for rev. filed* January 21, 2021. And the district court need not find that all three factors weigh in Egan's favor to establish "good cause." 290 Kan. at 513. The district court may consider factors other than the three Edgar factors. See *State v. Aguilar*, 290 Kan. 506, 512-13,

4

231 P.3d 563 (2010). But the district court is not required to consider *Edgar* factors that the defendant has not argued. *Williams*, 290 Kan. at 1055-56.

Although the district court did not explicitly cite *Edgar*, the record shows that it reviewed *Edgar*'s factors in making its decision.

*Representation by Competent Counsel*

The first *Edgar* factor requires the district court to determine whether Egan was represented by competent counsel. See 281 Kan. at 36. Although Egan raised several reasons at the plea withdrawal hearing why Patterson's representation was not competent, his appellate brief mentions only one—that Egan had outstanding discovery questions for Patterson yet he ignored his repeated inquiries. "'Where [a party] fails to brief an issue, that issue is waived or abandoned.'" *Mid-Continent Specialists, Inc. v Capital Homes*, 279 Kan. 178, 191, 106 P.3d 483 (2005). We thus address only the discovery issue Egan has briefed, as Egan has waived all others.

According to Egan's testimony, Patterson presented the plea to him an hour before the plea hearing. Egan thought Patterson was going to ask for a continuance so the computer expert could have time to complete his theory on the computer evidence. But on cross-examination, Egan admitted that although Patterson had ignored Egan's emails for the previous two weeks, Patterson had finally replied, "'I'll work on the plea.'" And Egan shows no evidence that he objected to that approach or told Patterson to work on discovery rather than the plea.

Egan also testified that Patterson forced him to tell the judge that he had "competent counsel." When asked whether he was untruthful to the court during his plea hearing, Egan replied, "Under duress, yes." But the same judge presided over both hearings—the change of plea hearing and the motion to withdraw plea hearing. The judge

5

recalled Patterson and his performance. He reviewed Patterson's qualifications to serve as an attorney, determined that Patterson was an experienced trial attorney, and had dealt with Patterson before yet could not recall any other complaint where Patterson had improperly pressured a client to accept a plea. The district court thus discredited Egan's testimony that Patterson had forced him to commit perjury by saying he was satisfied with his representation. We cannot revisit that credibility issue. See *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 469, 447 P.3d 959 (2019) ("In reviewing a court's findings, an appellate court will not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact.").

We find no error in the district court's finding that Egan had competent counsel.

*Misled, Coerced, Mistreated, or Unfairly Taken Advantage of*

The second *Edgar* factor requires the district court to determine whether the State, the court, or Patterson had misled, coerced, or taken unfair advantage of Egan. See *Edgar*, 281 Kan. at 36. Egan argues that he stressed to the district court "on several occasions through his testimony that he felt coerced by counsel, describing the plea as being 'jammed down [his] throat.'" Again, Egan alleges that Patterson forced him to tell the district court that he received adequate representation.

To the contrary, the district court found Egan was not misled, coerced, mistreated, or unfairly taken advantage of. For the same reasons set forth above, we find no error in that determination. Egan failed to prove the second *Edgar* factor.

*Fairly and Understandingly Made*

The third *Edgar* factor requires the district court to determine whether the plea was fairly and understandingly made. 281 Kan. at 36. Here, Egan argues that he

6

maintained his innocence throughout his case and that Patterson pushed him to accept a plea offer just hours before the plea hearing, yet a decision of that magnitude "requires reflection and consideration."

The district court found that Egan understood what he was doing when he entered the plea. The district court also held that Egan appeared to understand the nature of entering a plea and that Egan "answered all questions to this Court *without hesitation and without concern*." (Emphasis added.) The district court found nothing in the record that suggested Egan's plea was "anything but fairly and understandingly made." Thus, the district court determined that the third *Edgar* factor was not established and could not be the basis for "good cause."

We find no error in that conclusion. The Kansas Supreme Court has held that a district court is in the best position to observe the demeanor of a defendant and draw conclusions about whether the plea was knowingly and intelligently made. *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012). Here, the same judge presided over both the plea hearing and the plea withdrawal hearing. The district court observed Egan's behavior and demeanor during the plea colloquy and was in the best position to determine whether the defendant's later claims of misunderstanding were not enough to overcome its conclusion the plea was fairly and understandingly made.

*Conclusion*

The district court denied Egan's motion because Egan failed to show "good grounds" for the court to allow him to withdraw his plea. The record shows that the district court relied on a proper understanding of the law in determining that Egan failed to show "good cause" to allow Egan to withdraw his plea. See *Aguilar*, 290 Kan. at 511. We find no errors of law or fact and find that a reasonable person could have taken the

7

view adopted by the trial court. Egan thus fails to show that the district court abused its discretion by denying his motion to withdraw his plea.

Affirmed.