No. 87,455

STATE OF KANSAS, *Appellee*, v. DONELL WILLIAMS, *Appellant*.

64 P.3d 353

Opinion filed March 7, 2003.

*John J. Bryant*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

*Brian L. Leininger*, of Kansas City, argued the cause and was on the brief for appellant.

The opinion of the court was delivered by

MCFARLAND, C.J.: Donell Williams pled guilty to two counts of first-degree murder (K.S.A. 21-3401). He was sentenced to concurrent terms of life in prison with a possibility of parole after 25 years. Prior to sentencing, defendant sought withdrawal of his guilty pleas, which motion was denied. Defendant appeals from that denial.

### FACTUAL BACKGROUND

Highly summarized, the factual background of the crimes is as follows. On August 3, 1999, twin brothers Ronnell and Donell Williams, age 14, stole a gun from a residence and commenced walking

away from the crime. After proceeding about a block, they saw Wilbur Williams in his front yard on the way to his mailbox. The brothers forced him back inside his residence where they held Williams and his wife, Wilma, prisoner while searching the house for items to steal. Donell Williams left the residence in order to drive the victim's automobile around to the front of the house. While defendant was so engaged, his brother shot and killed the two victims. The victims were not related to the brothers.

Defendant was charged with two counts of premeditated first-degree murder and five other felonies and one misdemeanor. He entered into a plea agreement with the State whereby he pled guilty to the two murder charges with the balance of the charges being dismissed. The pleas were accepted. Prior to his sentencing, defendant wrote a letter to the court requesting withdrawal of his guilty pleas. This letter became the basis for his subsequent Motion to Withdraw Guilty Pleas. The motion was heard immediately prior to sentencing and denied. This appeal resulted.

## APPLICABLE STATUTE

K.S.A. 2002 Supp. 22-3210(d) provides:

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

## PROCEDURAL POSTURE

This case is before us in a rather unusual posture, best understood by recitation of the following chronology of procedural events:

1. October 27, 1999: Defendant was charged with two counts of first-degree murder, five other felonies, and one misdemeanor.

2. November 16, 2000: Defendant entered a plea agreement at a guilty plea hearing. The written plea agreement correctly stated that the sentence for each of the murder charges was life imprisonment. However, at the plea hearing, the defendant was incorrectly orally advised by the district court that "the maximum possible punishment could be anywhere up to 25 years in prison with no parole."

3. December 12, 2000: Defendant wrote a letter to the district court judge asking to have his pleas withdrawn. He alleged numerous grounds as a basis for withdrawing his pleas, including: (1) He was only given a day's notice of the plea hearing; (2) he believed his lawyer showed him the wrong criminal history box; and (3) he believed he should have gotten a better deal because he was not the shooter.

4. January 5, 2001: Defense counsel filed a motion to have defendant's pleas withdrawn and attached defendant's letter of December 12, 2000, as the basis therefore. The motion and the letter did not mention the erroneous statement as to the maximum sentence.

5. January 12, 2001: Defendant appeared for sentencing and argument on his motion to withdraw his pleas. No evidence was presented at the motion hearing. Defense counsel advised the court he had adequately discussed the matter of the pleas with the defendant. The court asked the defendant if he had anything to add to his attorney's statement, and he replied, "No." The State argued its position for denying the motion and indicated it had reviewed a transcript of the plea hearing. The district court denied the motion. The issue of the erroneous statement as to maximum sentence was not raised.

6. January 22, 2001: Defense counsel filed a timely notice of appeal of the order denying the motion to withdraw defendant's guilty pleas. Counsel also requested appointment of new counsel based on defendant's indigency and defendant's allegation of ineffective assistance of counsel.

7. February 8, 2001: New appellate counsel was appointed for defendant.

8. June 10, 2002: Appellate counsel filed his brief contending two grounds exist to allow defendant to withdraw his guilty pleas. These are:

    (1) Defendant was scared and unprepared at the plea hearing; and

    (2) the district court, when accepting defendant's pleas, incorrectly stated the maximum prison terms defendant was facing on the two first-degree murder convictions. This

was the first time the matter of this incorrect statement was asserted as a ground for relief.

A major problem facing defendant in this appeal is that only ground one was presented to the trial court. In his brief, defendant presents his position as to ground one in a summary manner. We will, likewise, dispose of the first ground summarily.

## GROUND ONE

In his brief, defendant's claim in its entirety is stated as follows:

"In Defendant's letter to the court asking to withdraw his guilty plea, he states that he was only given a day's notice of the plea hearing and was scared and unprepared at the hearing. The District Court should have found that these reasons were good cause to allow Defendant to withdraw his plea."

The decision to deny a motion to withdraw a plea rests within the sound discretion of the trial court and such decision will not be set aside on appeal absent a showing of abuse of discretion. *State v. Muriithi*, 273 Kan. 952, 46 P.3d 1145 (2002) (citing *State v. Shaw*, 259 Kan. 3, Syl. ¶ 2, 910 P.2d 809 [1996]). The hearing on the motion was held immediately prior to sentencing the defendant, wherein ground one was presented to the district court. We find no abuse of discretion in the sentencing court's denial of defendant's motion to withdraw his pleas.

## GROUND TWO

As previously stated, ground two was never presented to the trial court as a basis for withdrawal of the pleas (or for any other purpose).

K.S.A. 2002 Supp. 22-3210 provides in pertinent part:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

(1) The defendant or counsel for the defendant enters such plea in open court; and

(2) in felony cases *the court has informed the defendant* of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and *of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and*

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

(4) the court is satisfied that there is a factual basis for the plea.

"(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made." (Emphasis supplied.)

The statute required that the trial court advise defendant of the maximum penalty which could be imposed before accepting his guilty pleas. This the trial court did not do. Specifically, the exchange was as follows:

"THE COURT: All right. What you propose to plea guilty to are two counts of first degree murder, off grid person felonies. Do you understand that for each count, the maximum possible punishment could be anywhere up to 25 years in prison with no parole and—

"THE DEFENDANT: Yes.

"THE COURT: —and/or a fine of up to $500,000?

"THE DEFENDANT: Yes."

The sentence for first-degree premeditated murder herein was life on each count. This is the sentence later imposed on each count, to be served concurrently, with no possibility of parole for 25 years. Based upon this misstatement, defendant asks us to hold that the trial court's denial of his motion to withdraw his pleas constituted an abuse of judicial discretion. This is not an abuse of discretion issue, as this ground for withdrawal was not presented to the trial court. A court cannot abuse judicial discretion on a matter that was never before it.

We must determine if this issue is before us. As a general rule, an issue not presented to the lower court will not be considered on appeal. *State v. Alderson*, 260 Kan. 445, Syl. ¶ 7, 922 P.2d 435 (1996).

Defendant contends the misstatement was violative of his right to due process. In *State v. Shears*, 260 Kan. 823, 837, 925 P.2d 1136 (1996), we held: "[W]hen constitutional grounds are asserted for the first time on appeal, they are not properly before [this court] for review." However, this court has recognized three exceptions to the general rule: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental

rights; and (3) the district court is right for the wrong reason. See *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000) (citing *Pierce v. Board of County Commissioners*, 200 Kan. 74, 80-81, 434 P.2d 858 [1967]), *cert. denied* 532 U.S. 932 (2001).

The threshold question in this case is whether consideration of the belated claim of error is necessary to serve the ends of justice or to prevent the denial of fundamental rights. Certainly the failure to strictly comply with the requirements of K.S.A. 2002 Supp. 22-3210 does not automatically elevate the matter into coming within this exception to the general rule. See *Shaw*, 259 Kan. at 14-15.

Can defendant bring this belated claim of error within the exception? Let us examine the relevant facts. Defendant was 14 years old at the time of the offense. He was 16 years old when his guilty pleas were entered. He was before the court on a complaint charging seven felonies and one misdemeanor. Pursuant to the plea agreement, he still faced two premeditated first-degree murder charges. Defendant had no prior record. He wanted to withdraw his pleas and wrote a letter to the court which became the sole basis of his motion to withdraw. At the hearing on the motion to withdraw, defendant was not called upon to testify. All that was before the court in "support" of the motion were the statements of defense counsel which essentially rebutted the grounds defendant asserted, all of which fall in the general category of ineffective assistance of counsel. Defendant had been advised by the court that the maximum penalty that could be imposed on each count was "anywhere up to 25 years in prison with no parole." There was no reason for defendant to complain about that statement. It was incorrect but favorable to defendant. Under the unique circumstances herein, we conclude that consideration of defendant's belated claim that he should be permitted to withdraw his pleas falls within the exception to the general rule precluding consideration of belated claims of error.

As this is a determination that consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights, it follows that, on consideration, we must find reversible error occurred, as there is no dispute but that the error occurred. Put another way, if the belated claim of error is uncontroverted and is

so serious, based on all the relevant facts, to come within the high requirements of the exception, then the error is reversible error.

We therefore reverse and remand the case to the district court with directions to permit the defendant to withdraw his pleas and for further proceedings as though the guilty pleas had not occurred.

Reversed and remanded with instructions.