NOT DESIGNATED FOR PUBLICATION

No. 120,817

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JENNIFER JEAN JEFFREY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed June 19, 2020.
Affirmed.

*Peter Charles Rombold*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction
City, for appellant.

*W. Brad Sutton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before POWELL, P.J., GARDNER, J. and WALKER, S.J.

PER CURIAM: Jennifer Jean Jeffrey was convicted of a felony DUI, speeding,
failure to maintain a lane, and failure to signal. She appeals, contending that because she
did not voluntarily consent to having her blood drawn, evidence of her blood test should
have been suppressed at trial. But Jeffrey did not raise this issue until after trial, so she
has failed to preserve it.

1

*Factual and Procedural Background*

In 2017, Officer Jay Martin arrested Jeffrey for driving under the influence (DUI). At the police station, Martin read the Implied Consent Advisory form (DC-70) to Jeffrey and asked for a breath test. Jeffrey refused, so Martin applied for a search warrant.

On the Affidavit and Application for Search Warrant form, Martin indicated that he was asking for a breath test and a blood test. But on the search warrant for the judge to sign, Martin mistakenly checked only the breath-test box. The signed search warrant authorized only a breath test.

Martin testified that when he served this warrant on Jeffrey, he told her it was a search warrant compelling her to give breath and/or blood test. Yet he realized his mistake and told Jeffrey that the warrant authorized only a breath test. Still, Jeffrey did not want to give a breath test. She was more comfortable giving blood and said she would do that. So Martin took her to a hospital for a blood test. The sample revealed she had an alcohol level of 0.13 grams per 100 milliliters of blood.

Before trial, Jeffrey filed a "motion to suppress," stating:

"4. The defendant challenges the manner in which the sample was obtained and the procedures followed at the hospital. Once the sample was given to the deputy it is unclear as to whether or not it was properly sent for testing.

"5. Not having the benefit of the lab notes, the defendant must challenge the testing procedures followed and therefore the reliability of the subsequent result.

"6. For the reasons set forth above the blood test results should be suppressed."

At the motion hearing, Jeffrey conceded the motion was not a motion to suppress, but a motion in limine. Rather than raise an unlawful search or seizure issue, the motion argued the reliability of the blood test. As a result, the evidence at the motion hearing

2

focused on the chain of custody after the hospital drew Jeffrey's blood. After the hearing, the district court found that the chain of custody had been properly established and denied Jeffrey's "motion in limine."

At trial, Jeffrey objected to the Kansas Bureau of Investigation (KBI) report that analyzed her blood. Her counsel first stated, "Well, as they're foundational in nature, obviously, I've raised the issue of the—how they obtained the actual warrant itself and the actual blood draw." Yet Jeffrey's attorney then argued only about the handling of the blood sample and the certification of the lab. The district court admitted the report because the evidence showed the lab was certified, and a typographical error did not make the report inadmissible.

Jeffrey was convicted of a felony DUI, speeding, failure to maintain a lane, and failure to signal. The district court sentenced her to 12 months of probation, after serving 90 days, with an underlying 12 months in jail. The sentence also included statutory fines for the DUI and traffic infractions.

Before sentencing, Jeffrey moved for a new trial. Her written motion challenged the officer's authority to obtain her blood, arguing:

> "4. The officer testified at trial that since he had requested breath and blood he ignored and exceeded his lawful authority and obtained a blood draw, the results of which were admitted at trial over objection. The admission of the result denied the defendant a fair trial. Conviction in this case was due to the blood result.
> "5. A new trial should be granted to correct the erroneous admission of the blood result."

The motion lacked any legal citation.

3

At the hearing on the motion for new trial, the district court asked Jeffrey's counsel if he wanted to add anything to his motion. Jeffrey's counsel responded:

> "No. I think that's pretty well covered in there. We believe that blood test was illegally obtained and as a result having that information provided to the jury prevented her from having a fair trial, so we're asking the Court to intercede at this point and grant a new trial, or in the alternative to make a finding that based upon the fact that if you discount the blood test[,] which was taken[,] the other evidence would not support a conviction for driving under the influence to an extent that she could not safely drive and we would be asking for acquittal."

The district court found that Jeffrey voluntarily consented to take the blood test and denied the motion.

Jeffrey timely appeals.

*Did Jeffrey Preserve Her Suppression Claim For Appeal?*

On appeal, Jeffrey argues Officer Martin violated her right against unreasonable searches under the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights. The record shows Martin did not have a warrant for a blood draw. And Jeffrey claims that she did not voluntarily consent to the blood test and the record cannot clearly show she did. Thus, she believes, this court should reverse her conviction.

*Analysis*

Before we reach Jeffrey's claim, we must address a procedural issue—the State's argument that Jeffrey did not preserve the illegal search issue for appeal.

4

If an issue was not raised in the district court, it cannot be raised on appeal. See *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014). This is true even for constitutional challenges. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Under Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34), to preserve an issue, an appellant must point to the specific locations in the record where the issue was raised and where the court ruled on that issue. The reason for this rule is simple:  a trial court cannot wrongly decide an issue never presented to it. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003).

Two of our statutes address this issue:  K.S.A. 22-3216 and K.S.A. 60-404. Normally, a suppression issue based on an unlawful search or seizure should be raised before trial. K.S.A. 22-3216(1) and (2) require "a defendant aggrieved by an unlawful search and seizure" to move in writing for suppression and "state facts showing wherein the search and seizure were unlawful." The defendant must move to suppress before trial, "unless opportunity therefor did not exist or the defendant was not aware of the ground for the motion, but the court in its discretion may entertain the motion at the trial." K.S.A. 22-3216(3). The statute also provides that "[t]he judge shall receive evidence on any issue of fact necessary to determine the motion." K.S.A.  22-3216(2). If a defendant narrows the scope of his or her argument, resulting in a suppression hearing focused on a particular issue and directing the district court to make certain findings and conclusions related only to that issue, an appellate court does not need to address the merits of a broader claim on appeal. See *State v. Ton*, 308 Kan. 564, 571-72, 422 P.3d 678 (2018). That is the case here.

Jeffrey failed to follow K.S.A. 22-3216. Although she labeled her pretrial motion as a "motion to suppress," it did not raise an unlawful search or seizure issue, and Jeffrey's attorney admitted that it was a motion in limine about reliability. As a result, the motion did not guide the district court to make any findings under an unlawful search theory. See *Ton*, 308 Kan. at 571-72; *State v. Estrada-Vital*, 302 Kan. 549, 557, 356 P.3d

5

1058 (2015) ("[I]t is incumbent upon a defendant to establish the facts necessary to support his or her suppression motion in the district court."). Instead, the district court ruled solely on the reliability issue.

Nor did Jeffrey follow either statute during trial. At trial, Jeffrey objected to the admission of the KBI report. And if this was based on an unlawful search claim, the district court could have considered it. See K.S.A. 22-3216(3) ("[T]he court in its discretion may entertain the motion at the trial."). But Jeffrey presented nothing in writing. He did not cite the Fourth Amendment or §15 of the Kansas Constitution Bill of Rights. He said nothing that would suggest he was arguing to suppress the evidence under an unlawful search theory. Instead, his argument focused on the reliability of the blood test. In other words, nothing Jeffrey did put the district court on notice that Jeffrey was arguing against an unlawful search. See K.S.A. 60-404; *State v. McCormick*, 305 Kan. 43, 47, 378 P.3d 543 (2016) (requiring an objection to be specific). This is apparent in the district court's ruling, which focused solely on the reliability issue.

Similarly, K.S.A. 60-404 generally precludes an appellate court from reviewing an evidentiary challenge absent a timely and specific objection made on the record at trial. See *State v. King*, 288 Kan. 333, 342, 204 P.3d 585 (2009) (explaining purpose behind contemporaneous-objection rule of K.S.A. 60-404). A party may not object at trial to the admission of evidence on one ground and then on appeal argue a different ground. See *State v. McCormick*, 305 Kan. at 47 (stating, by only objecting based on relevance at trial, the defendant waived claim the evidence was unduly prejudicial).

Typically, to preserve an evidentiary issue for appellate review, a party must make a "contemporaneous objection," in a "specific and timely" manner at trial. K.S.A. 60-404; *State v. Dukes*, 290 Kan. 485, 487-88, 231 P.3d 558 (2010). The Kansas Supreme Court has consistently held that a defendant must contemporaneously object to evidence at a jury trial to preserve a claim on appeal that the district court erred by denying a pretrial

motion to suppress. See *State v. Richard*, 300 Kan. 715, 726, 333 P.3d 179 (2014); *State v. Hollingsworth*, 289 Kan. 1250, 1255, 221 P.3d 1122 (2009); *State v. Houston*, 289 Kan. 252, 270, 213 P.3d 728 (2009); *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009).

Our Supreme Court in *King* underscored this requirement: "From today forward, in accordance with the plain language of K.S.A. 60-404, evidentiary claims—including questions posed by a prosecutor and responses to those questions during trial—must be preserved by way of a contemporaneous objection for those claims to be reviewed on appeal." 288 Kan. at 349. Although the contemporaneous objection rule has been relaxed in a bench trial on stipulated facts, that exception does not apply here. See *State v. Kelly*, 295 Kan. 587, 594, 285 P.3d 1026 (2012); *State v. Bogguess*, 293 Kan. 743, 746-47, 268 P.3d 481 (2012).

Jeffrey's arguments before and during trial directed the district court to make findings and conclusions related only to the reliability of the blood test as it proceeded through the chain of custody. For that reason, the district court never considered the illegal search issue until Jeffrey's posttrial motion. Based on our Kansas Supreme Court precedent, we find that Jeffrey has failed to preserve the suppression issue for appeal. See *Estrada-Vital*, 302 Kan. at 557 ("[A]ppellate courts do not make factual findings in the first instance; we only review district court findings."); *Williams*, 275 Kan. at 288.

Affirmed.