NOT DESIGNATED FOR PUBLICATION

No. 122,433

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYSON MCELHINEY,
*Appellee*,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed November 6, 2020. Affirmed.

*Mark E. Meyer*, of Lee Summit, Missouri, for appellant.

*Jeffrey A. Wilson*, *Brendan P. Lykins*, and *Arthur E. Rhodes*, of DeVaughn James Injury Lawyers, of Wichita, for appellee.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

PER CURIAM: American Family Mutual Insurance Company appeals the district court's order granting attorney fees to Tyson McElhiney under K.S.A. 40-908. It claims that McElhiney did not present evidence that his policy included fire, tornado, lighting, or hail coverage, as is necessary to receive an attorney fee award under that statute. But American Family did not contest that issue in the district court and agreed that McElhiney was entitled to reasonable attorney fees. It thus failed to preserve this issue for appeal.

1

*Factual and Procedural Background*

McElhiney sued American Family for failing to pay underinsured motorist benefits. In paragraph 14 of his amended petition, McElhiney stated: "It is believed the policies of insurance available to plaintiff are policies given to insure property in this state against loss by fire, tornado, lighting or hail, and as such the plaintiff is allowed mandatory attorney fees pursuant to K.S.A. 40-908." In its answer, American Family denied that allegation.

The pretrial order reflects the parties' agreement to resolve McElhiney's claim for attorney fees by a postverdict motion under K.S.A. 40-256 and K.S.A. 40-908 if the jury found in McElhiney's favor on his underinsured motorist claim. The jury did so, returning a verdict of $124,046.89 for McElhiney. Yet because his damages were capped by his underinsured motorist benefits, the district court limited McElhiney's award to $75,000. McElhiney does not complain about that on appeal.

McElhiney then moved for attorney fees in the amount of $57,021.31—later amended to $59,733.60, under K.S.A. 40-908, as the parties had anticipated. That statute provides:

> "That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs: Provided, however, That when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed." K.S.A. 40-908.

McElhiney's motion did not specifically state that his policy insured loss by fire, tornado, lightning, or hail. But that conclusion is encompassed within this statement in its motion: "Because American Family Insurance Company's policy of insurance fell within the relevant coverages contemplated by K.S.A. 40-908, that statute's mandatory attorney fee provision applies." McElhiney then addressed why the amount of his requested attorney fees was reasonable.

American Family responded to McElhiney's motion and cited K.S.A. 40-908. American Family did not contest whether McElhiney's policy included fire, tornado, lightning, or hail coverage. Neither did it concede that the policy did so, stating: "If K.S.A. 40-908 is applicable to this case, then the Plaintiff is entitled to some attorney's fees, as the Plaintiff did obtain a judgment which was greater than the pre-suit tender." But American Family's response focused only on the amount of attorney fees McElhiney requested. It argued that $33,750 "would effectuate the contingency envisioned by the attorney's contract and enable the Plaintiff's recovery of the fees which he is obligated to pay for the representation." American Family concluded: "WHEREFORE, Defendant moves the Court to enter its order awarding a reasonable sum for the Plaintiff's Attorney's Fees and for such other relief as the Court deems just and proper."

The district court ruled that the policy American Family issued to McElhiney was for the losses outlined in the statute as his car was the 'property' and it had coverage for fire, tornado, lightning, or hail:

> "The Court ruled that Attorney fees and costs were appropriate pursuant to K.S.A. 40-908. See *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 719, 317 P.3d 70 (2014). The statute provides that the Court shall allow a reasonable sum as an attorney's fee. The policy issued by American Family to plaintiff was for the losses outlined in the statute as his car was the 'property' and it had coverage for fire, tornado, lightning or hail. The Court found evidence that the tender by defendant before filing suit

3

was for $10,000 and then the offer after discovery was in the amount of $24,500. The jury verdict in this matter was for $124,046.89.

. . . .

"The Court determined the reasonable fee to be $55,821.10 and costs of $1,199.21 for a total amount of $57,020.31. It is the ruling of the Court that Defendant shall be assessed with costs of $57,020.31."

American Family timely appeals.

*Did the district court err by awarding McElhiney attorney fees?*

American Family argues solely that the district court erred in awarding attorney fees because no evidence shows that McElhiney's insurance policy provided coverage for fire, tornado, lighting, or hail damage.

*Preservation*

American Family asserts it preserved this "allegation of error by stipulating to the reservation of the issues of attorney fees for disposition after trial in the Pre-Trial Order, by briefing that Post-Trial Motion and by timely filing a Notice of Appeal." McElhiney disagrees, arguing that American Family failed to preserve this issue for appeal because it did not challenge McElhiney's right to attorney fees under K.S.A. 40-908 in the district court.

Under Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34), an appellant must point to the specific location in the record where it raised the issue being appealed and where the district court ruled on that issue. Generally, if an issue was not raised in the trial court, it cannot be raised on appeal. See *Ruhland v. Elliott*, 302 Kan. 405, 417, 353 P.3d 1124 (2015). The rationale behind this error preservation rule is

4

simple: a trial court cannot wrongly decide an issue never before it. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003).

American Family did not argue to the district court that McElhiney's insurance policy did not cover fire, tornado, lighting, or hail damage. Nor did it argue that McElhiney failed to meet his burden to show evidence of such coverage. American Family raises this issue for the first time on appeal.

True, the pretrial order included the parties' stipulation to decide the attorney fees issue if McElhiney obtained a favorable verdict. But the agreement to defer the fee issue until after the merits of the trial relates solely to timing—it says nothing about the substance of the issue that American Family raises now. American Family's response made a conditional statement: "If K.S.A. 40-908 is applicable to this case, then the Plaintiff is entitled to some attorney's fees, as the Plaintiff did obtain a judgment which was greater than the pre-suit tender." But American Family neither argued that K.S.A. 40-908 did not apply nor argued that McElhiney's insurance policy did not cover fire, tornado, lighting, or hail damage. American Family showed its awareness of this issue citing K.S.A. 40-908, yet it asked the district court "to enter its order awarding a reasonable sum for the Plaintiff's Attorney's Fees and for such other relief as the Court deems just and proper."

This lack of preservation is clear, given that both parties ask this court to make factual findings on appeal. American Family asks this court to consider a "Declarations Page" attached to the appendix of its appellate brief—a document that, although apparently admitted at trial, is not included in the record on appeal. Based on that document it argues that the words "comprehensive" and "collision" are not defined so the policy should not be read to cover fire, tornado, lightning, or hail damage. But an appendix to an appellate brief is not a substitute for the record on appeal, and we do not

5

consider material attached to an appellate brief. See Supreme Court Rule 6.02(b); *Haddock v. State*, 282 Kan. 475, 524, 146 P.3d 187 (2006).

On the other hand, McElhiney asks this court to take "judicial notice" of American Family's website and find, based on the website, that "comprehensive coverage" under an American Family policy includes damage from fire and hail.

We decline to make either factual finding. "[A]ppellate courts do not make factual findings in the first instance; we only review district court findings." *State v. Estrada-Vital*, 302 Kan. 549, 557, 356 P.3d 1058 (2015). The district court had evidence that we do not have, and we cannot second guess its factual finding that "[t]he policy issued by American Family to plaintiff was for the losses outlined in the statute as his car was the 'property' and it had coverage for fire, tornado, lightning or hail."

American Family failed to preserve this issue, thus we affirm the district court's decision.

*Is McElhiney due attorney fees on appeal?*

McElhiney moved in June 2020 for an award of attorney fees incurred on appeal in the amount of $13,292.50. American Family has filed no response to that motion.

Appellate courts may award attorney fees for services on appeal only when the trial court has authority to award attorney fees. Supreme Court Rule 7.07(b)(1) (2020 Kan. S. Ct. R. 50). See *Hodges v. Johnson*, 288 Kan. 56, 74, 199 P.3d 1251 (2009). The trial court here found it had authority to award attorney fees under K.S.A. 40-908, and we have affirmed that finding above. That statute has a specific proviso for appellate fees, stating that in all actions "in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado,

lightning or hail," the court "shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal." K.S.A. 40-908. Since the district court had authority to grant attorney fees, this court has authority to award attorney fees for services on appeal.

Having found that McElhiney is entitled to appellate attorney fees, we now must decide whether the amount he requests is reasonable. Under Kansas Rule of Professional Conduct (KRPC) 1.5(a) (2020 Kan. S. Ct. R. 297), we evaluate the reasonableness of the amount of attorney fees requested by considering eight factors. McElhiney properly supports his motion by an affidavit from his counsel, setting forth each of that Rule's eight factors, and explaining how it meets each factor. McElhiney also attaches to his motion a detailed itemization of time spent on this appeal, which states the date, staff member, task, time spent, billable time, rate, and billable amounts for each entry.

We have examined the affidavit and other documents supporting McElhiney's unopposed motion and conclude that a reasonable fee to award for his attorney fees and expenses incurred in this appeal is $13,292.50.

We affirm the district court's judgment for McElhiney's attorney fees of $57,020.31. We grant McElhiney's motion for attorney fees on appeal and award him an additional amount of $13,292.50.

Affirmed.