NOT DESIGNATED FOR PUBLICATION

No. 121,053

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH MIGUEL VALDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed April 9, 2021. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and HILL, JJ.

PER CURIAM: Joseph Miguel Valdez asks us to overturn his convictions for possession of drugs and a firearm. He claims there were jury instruction errors and insufficient evidence to convict him. By attacking the jury instructions, he tries to raise constitutional errors for the first time on appeal. The record shows that there was sufficient evidence to sustain the jury's guilty verdicts. And we are not persuaded that we should consider his constitutional claims. We affirm his convictions.

1

*A neighbor found Valdez with a gunshot wound.*

A neighbor heard Valdez yelling for help late one afternoon in July 2018 and saw him emerge from the side of a house on Sherman Street in Salina. Valdez said he had been shot. The neighbor fastened a tourniquet around Valdez' leg and had his wife call 911. The neighbor had seen a white male in his late 20s walking up the street shortly before the commotion and then saw him running from the area. The front door to the house was ajar; the neighbor closed it at Valdez' request.

Police officers responding to the 911 call saw blood on the locked front door. Officers obtained the key from the landlord and then went through the house to make sure there was nobody injured or hiding inside. The officers found no one, but one officer saw a handgun on a living room table when he walked in.

The officers then obtained and executed a search warrant for the house. In the living room, officers found the handgun and a glasses case containing several bags of a crystalline substance, some plastic jewelry bags, syringes, and a set of digital scales with white powder on them that appeared to be methamphetamine. In a basement sleeping area, officers found folded men's clothes next to a bed and a box with many empty plastic jewelry bags. The upstairs bedroom had women's clothing. A woman rented the house, and Valdez told officers he sometimes stayed there.

Outside the house, officers found a drug pipe sitting on a recliner next to the house and a plastic bag with a crystalline substance in the pocket of Valdez' pants. The plastic bag appeared to be the same type of bag as the ones found in the basement. Paramedics had removed Valdez' blood-soaked pants to render aid. The pants had been left unattended by a light pole until the officer thought to examine them later.

2

Valdez' cell phone was included in the search warrant. On the phone, the officers found a Facebook Messenger exchange from earlier that afternoon. Valdez asked somebody, "[K]now anyone looking?" According to one of the officers, among drug dealers, that phrase means "looking for some type of narcotic."

The police sent the crystalline substances, glasses case, and handgun to the KBI for testing. The substance found in the bag in Valdez' pants tested positive for methamphetamine. The substance in the largest of the five bags found in the glasses case also tested positive for methamphetamine, which weighed 14.18 grams. It was the only bag tested. Valdez' DNA was found on the gun and the glasses case. No other DNA was found on the glasses case.

The State charged Valdez with one count of possession of methamphetamine with intent to distribute within 1,000 feet of a school, one count of criminal possession of a firearm by a convicted felon, one count of a drug tax stamp violation, and three counts of possession of drug paraphernalia. The case was tried to a jury after the State withdrew the drug tax stamp count. The State called 13 witnesses and introduced over 50 exhibits. Valdez did not call any witnesses or introduce any evidence.

The jury found Valdez guilty of possession with intent to distribute methamphetamine, criminal possession of a firearm by a convicted felon, and two counts of possession of drug paraphernalia. The jury also found Valdez not guilty of a third count of possession of paraphernalia for the glass pipe found on the recliner by the side of the house.

Before sentencing, Valdez moved for a dispositional departure sentence and alleged ineffective assistance of counsel, but did not explain that claim. At the sentencing hearing, he told the court that his court-appointed attorney had not:

- visited him enough times;

- provided him with evidence;
- complied with his wishes; and
- advocated fervently enough on his behalf.

After some questions, the court found that the attorney had provided competent representation and denied that part of the motion.

The court proceeded to sentencing. It denied the motion for a dispositional departure and sentenced Valdez to 104 months in prison for possession with intent to distribute and a consecutive 8 months in prison for criminal possession of a firearm. It imposed an 11-month prison sentence and a 6-month jail sentence for the paraphernalia counts. This means Valdez's controlling sentence was 112 months in prison.

Valdez raises five issues in this appeal. He claims:

1. The jury instruction telling the jury that possession of 3.5 grams of methamphetamine is evidence of intent to distribute violates his due process rights.
2. There is insufficient evidence to show he intended to distribute the methamphetamine in his possession and the jury had to stack inference on inference to find him guilty.
3. An instruction for possession with intent to distribute less than 3.5 grams would have been appropriate and was not given.
4. A lifetime ban on possessing a firearm for certain crimes violates section 4 of the Kansas Constitution Bill of Rights.
5. The court erred when it ruled on Valdez's claim of ineffective assistance of counsel without first appointing him an independent and conflict-free attorney.

4

We will address the issues in that order.

*Valdez has not properly preserved either of his constitutional arguments.*

Valdez makes two constitutional arguments. First, he attacks the statutory presumption found in K.S.A. 2020 Supp. 21-5705(e)(2). Under that provision, "there shall be a rebuttable presumption of an intent to distribute if any person possesses . . . 3.5 grams or more of heroin or methamphetamine." The trial court instructed the jury on that presumption, stating that the presumption was permissive, not mandatory, and that it did not shift the burden of proof to Valdez:

> "If you find the defendant possessed 3.5 grams or more of methamphetamine, you may infer that the defendant possessed with the intent to distribute. You may consider the inference along with all other evidence in the case. You may accept or reject it in determining whether the State has met the burden of proving the intent of the defendant. This burden never shifts to the defendant."

Valdez contends that this instruction was erroneous and violated his federal due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

The second constitutional issue concerns K.S.A. 2020 Supp. 21-6304(a)(1)-(3), which prohibits the possession of a firearm by persons convicted of certain felonies in the last 5 to 10 years. Valdez contends that the statute violates section Four of the Kansas Constitution Bill of Rights. That section states that "[a] person has the right to keep and bear arms for the defense of self, family, home and state, for lawful hunting and recreational use, and for any other lawful purpose." Kan. Const. Bill of Rights, § 4.

Constitutional grounds for reversal asserted for the first time on appeal generally are not properly before this court for review. *State v. Hambright*, 310 Kan. 408, 420, 447

P.3d 972 (2019). There are exceptions to the rule. Valdez contends that one of those exceptions applies here. Appellate courts may reach an issue not raised below when consideration of the issue "is necessary to serve the ends of justice or to prevent the denial of fundamental rights." *State v. Williams*, 275 Kan. 284, Syl. ¶ 2, 64 P.3d 353 (2003). Since Valdez has claimed violations of the federal and state Constitutions, he urges this court to take up his claims because his fundamental rights are at issue. But we have been advised to be wary of taking up such issues.

The Kansas Supreme Court has recently emphasized that "preservation is a prudential rule, rather than a jurisdiction bar." *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). So even if an exception is well argued, this court need not address an unpreserved constitutional issue. See 305 Kan. at 1192. There are good reasons for refraining from reviewing those exceptions here.

First, the trial court here did not have a chance to consider either issue. Second, since Valdez failed to raise either constitutional issue at trial, there is insufficient evidence in the record to give this court a foundation for meaningful review. As for the statutory presumption, there is no testimony or evidence about how much methamphetamine a person might possess for personal use. A recent opinion explains why a lack of a record is a concern when addressing such questions as the presumption based on the amount of drugs possessed. In *State v. Slusser*, No. 121,460, 2020 WL 7636318, at *2 (Kan. App. 2020) (unpublished opinion), two law enforcement officers testified at trial that based on their training and experience, methamphetamine users typically have less than 3.5 grams for personal consumption and larger quantities would reflect trafficking or distribution. So how large are the larger quantities? There is no way we can reasonably decide this based on a record that did not even address the question. Valdez did not develop the point below.

As for the section Four firearm challenge, as another panel of this court has stated, evaluating such a challenge for the first time on appeal would require factual, legal, and historical analysis not found in this record. See *State v. Johnson*, No. 121,187, 2020 WL 5587083, at *5 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* October 19, 2020. That is because Valdez would need to articulate something in the history of the Kansas Constitution and caselaw that would suggest that Kansas courts should depart from their long history of coextensive analysis of rights under the state and federal Constitutions. 2020 WL 5587083, at *5 (quoting *State v. Boysaw*, 309 Kan. 526, 538, 439 P.3d 909 [2019]). For that reason, several panels of this court have declined to reach the same section Four challenge for the first time on appeal. Here are four. See, e.g., *State v. Miner*, No. 122,372, 2021 WL 401282, at *2 (Kan. App. 2021) (unpublished opinion), *petition for rev. filed* March 8, 2021; *State v. Pugh*, No. 120,929, 2021 WL 218900, at *4-5 (Kan. App. 2021) (unpublished opinion); *Johnson*, 2020 WL 5587083, at *5-6; *State v. Tucker*, No. 121,260, 2020 WL 7293619, at *7 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* January 11, 2021.

*Valdez now seeks a jury instruction he rejected at his trial.*

The trial court instructed the jury on possession of between 3.5 and 100 grams of methamphetamine with intent to distribute. That offense is a severity level 3 felony under K.S.A. 2020 Supp. 21-5705(d)(1)(B). But Valdez now contends that the court should have instructed on the lesser included offense of possession of less than 3.5 grams of methamphetamine with intent to distribute, a severity level 4 felony under K.S.A. 2020 Supp. 21-5705(d)(1)(A).

The State insists that this court should not reach the merits of this argument because any error Valdez ascribes was invited, and a defendant cannot lead a court into error and then complain about it on appeal. See *Kansas v. Fleming*, 308 Kan. 689, 696, 423 P.3d 506 (2018). The State is correct. The invited error doctrine applies to cases

involving a criminal defendant's statutory right to receive jury instructions on a lesser included offense. See 308 Kan. at 704-05.

During the jury instruction conference, Valdez requested a lesser included instruction of simple possession. The State and trial court both asked whether Valdez also wanted an instruction for a lesser offense of possession with intent to distribute—the very instruction Valdez seeks now on appeal. Valdez' attorney said that she was only seeking the instruction on a lesser possession offense because her strategy was to convince the jury that Valdez possessed only the 1 gram of methamphetamine found in his discarded pants, not the large amount found with the bags and scale in the house. Valdez' decision not to seek the lesser included instruction on possession with intent to distribute was a strategic decision in line with his theory of defense.

This means that even if the trial court did commit instructional error, Valdez himself invited that error. He may not now complain of it on appeal, according to *Fleming*. There are no valid grounds for relief here.

*Sufficient evidence supports his convictions.*

We do not retry cases. When we review questions of the sufficiency of the evidence, we look at the record to see if sufficient evidence supports a conviction on appeal. When we do so, we view the evidence in a light most favorable to the State. If we are convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt, we affirm. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Valdez was charged under K.S.A. 2019 Supp. 21-5705(a)(1) and (d)(3)(C), which makes it unlawful for a person to possess between 3.5 and 100 grams of

8

methamphetamine with the intent to distribute it. The court instructed the jury that it had to find the following facts to find Valdez guilty:

1.  Valdez possessed methamphetamine with the intent to distribute;
2.  the quantity of methamphetamine possessed with the intent to distribute was at least 3.5 grams but less than 100 grams; and
3.  this act occurred on or about the 30th day of June 25, 2018, in Saline County, Kansas.

The jury found that all of those elements were met and found Valdez guilty.

In this appeal, Valdez challenges only the first element—that he possessed the methamphetamine with the intent to distribute. He contends that the jury had to rely on circumstantial evidence to find that Valdez possessed the methamphetamine, so it was improper to then rely on the statutory presumption that possession of more than 3.5 grams of methamphetamine is evidence of an intent to distribute. Because the jury could rely only on circumstantial evidence and the presumption, Valdez contends, guilt was impermissibly established on inference alone. See *State v. Cruz*, 15 Kan. App. 2d 476, 490, 809 P.2d 1233 (1991). *Cruz* held that "[g]uilt may never be based on inference alone. Presumptions and inferences may be drawn from facts established, but presumption may not rest upon presumption or inference on inference." 15 Kan. App. 2d at 490.

When we view this record, even without the statutory presumption, a rational fact-finder could have found beyond a reasonable doubt that Valdez possessed the methamphetamine with an intent to distribute. Officers found far more than 3.5 grams of methamphetamine; the bag the KBI tested contained more than 14 grams and four other untested bags contained a similar looking substance. Officers also discovered scales with methamphetamine residue, many empty baggies, and some syringes. Valdez' DNA was

9

the only DNA on the outside of the glasses case containing the drugs and paraphernalia. And Valdez sent a text shortly before he was shot asking an acquaintance if she knew of "anyone looking," which a detective testified was a phrase commonly used to refer to someone looking for narcotics.

Based on that evidence, we hold that a rational fact-finder could have found Valdez guilty beyond a reasonable doubt. Thus, sufficient evidence supports his conviction for possession of methamphetamine with an intent to distribute.

*The court made a proper inquiry about Valdez' attorney.*

In Valdez' final argument, he contends that the court had to appoint new counsel to assist him with his claim of ineffective assistance of counsel that he raised in his pro se motion for a dispositional departure. He asks us to remand with instructions to appoint independent counsel and hold an evidentiary hearing.

He contends that when a court summarily denies an ineffective assistance of counsel claim without appointing independent counsel, this court's review is unlimited. But the authority he cites for that proposition is a Kansas Supreme Court case reviewing a summary denial of a K.S.A. 60-1507 motion. See *Wilkins v. State*, 286 Kan. 971, 190 P.3d 957 (2008). That is a different procedural posture from this case, which involves a presentencing statement of dissatisfaction with the attorney's performance, not a collateral attack on a conviction.

The State suggests the facts of this case are analogous to the facts in *State v. Toothman*, 310 Kan. 542, 448 P.3d 1039 (2019). In *Toothman*, the defendant told the court at his sentencing hearing that he was unhappy with his attorney's representation because she had failed to subpoena certain letters that would have helped his case.

According to the holding in *Toothman*, an articulated statement of attorney dissatisfaction triggers a district court's duty to inquire. On appeal then, we review the adequacy of that inquiry for an abuse of discretion. That means this court will reverse the district court's decision only if it committed a legal or factual error or if no reasonable person could agree with the decision. 310 Kan. at 554.

Also under the *Toothman* ruling, a district court conducts an appropriate inquiry into a defendant's dissatisfaction with counsel by investigating: "'(1) the basis for the defendant's dissatisfaction with counsel and (2) the facts necessary for determining if that dissatisfaction warrants appointing new counsel, that is, if the dissatisfaction is "justifiable."'" 310 Kan. at 554. A detailed examination is unnecessary: even a "'single, open-ended question by the trial court may suffice if it provides the defendant with the opportunity to explain a conflict of interest, an irreconcilable disagreement, or an inability to communicate with counsel.'" 310 Kan. at 554.

Here, the trial court's duty to inquire was triggered by Valdez' claim of ineffective assistance in his pro se motion. The court asked a series of open-ended questions to understand Valdez' claim. Valdez stated that his attorney had not visited him enough times, had not provided him with evidence, had not complied with his wishes, and had not advocated fervently enough on his behalf. The trial court asked Valdez' attorney several questions along the way, and she informed the court that she had given Valdez copies of the police reports, had visited him several times before the trial, and had replied to the letters that she had received from him. The court found that Valdez' attorney had been well prepared, presented a good defense, and adequately communicated with Valdez.

We see no legal or factual error here. A reasonable person could agree with the trial court's findings. The trial court did not abuse its discretion by failing to conduct an adequate inquiry into Valdez' dissatisfaction with his attorney.

11

We find no reversible errors.


Affirmed.