NOT DESIGNATED FOR PUBLICATION

No. 122,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD ARNOLD WARREN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed March 4, 2022. Appeal dismissed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Edward Arnold Warren Jr. challenges his conviction for criminal possession of a firearm by a convicted felon under K.S.A. 2018 Supp. 21-6304(a)(2), arguing for the first time on appeal that this statute violates his individual right to keep and bear arms as provided by section 4 of the Kansas Constitution Bill of Rights. Having failed to properly raise this issue in the district court, we decline to address the merits and dismiss this appeal.

1

After a domestic violence incident involving Warren and his girlfriend in July 2018, the State charged Warren with—among other offenses—criminal possession of a firearm by a convicted felon in violation of K.S.A. 2018 Supp. 21-6304(a)(2). The case proceeded to a jury trial in July 2019, where Warrant represented himself. At trial, the parties stipulated:

"1)     Defendant was convicted of a felony in 18th Judicial District Court case 2011CR002527 on July 17, 2012.

"2)     Defendant was not found to be in possession of a firearm at the time of the prior crime in 2011CR002527.

"3)     Defendant was released from imprisonment for the felony in 11CR002527 on November 8, 2013."

During trial, the State presented evidence that Warren possessed a .38 caliber Bersa handgun owned by his roommate during the domestic violence incident, including officer testimony that they found the gun during a search of Warren's house and laboratory testing of DNA found on the weapon was consistent with Warren. The jury found Warren guilty of criminal possession of a firearm but acquitted him of all other charges. At sentencing, the district court imposed the presumptive sentence of 21 months in prison based on Warren's criminal history score of A.

Warren timely appealed.

## IS K.S.A. 2018 SUPP. 21-6304(a)(2) CONSTITUTIONAL?

In his sole issue raised on appeal, Warren argues that K.S.A. 2018 Supp. 21-6304(a)(2) violates his state constitutional rights because it criminalizes possession of a firearm by persons convicted of a felony. He contends section 4 of the Kansas

Constitution Bill of Rights only allows the Legislature to prohibit *use* of a firearm and otherwise guarantees all Kansans—regardless of past criminal activity—a fundamental right to *possess* firearms.

*Warren did not challenge the constitutionality of K.S.A. 2018 Supp. 21-6304(a)(2) in district court.*

Warren concedes that he did not challenge the constitutionality of the criminal possession of a firearm statute before the district court, but nevertheless asserts this court should address his claim. Generally, constitutional issues not raised before the district court are not properly before this court when raised for the first time on appeal. There are exceptions to this rule, which include: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights, and (3) the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) also requires an appellant who did not raise an argument below, to "expla[in] why the issue is properly before the court." Our Supreme Court has determined that when an appellant violates Rule 6.02(a)(5), the appellant abandons his or her argument because failing to explain why an argument was not raised below is tantamount to inadequately briefing the issue. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Even if an exception applies, as both parties note, the decision to review an unpreserved claim under one of the recognized exceptions is a prudential one. This court has no obligation to consider an issue being raised for the first time on appeal. *State v. Gray*, 311 Kan. 164, Syl. ¶ 1, 459 P.3d 165 (2020).

Warren asserts the first two exceptions apply here. Regarding the first exception, Warren claims his constitutional challenge presents a pure question of law that "arises from unchanging facts, the facts submitted at trial, and is finally determinative of this case." Contrary to Warren's assertion, this court has recently been unwilling to review an identical challenge for the first time on appeal based on an understanding that a proper analysis would also require a developed factual record and historical considerations not articulated in the district court below. See *State v. Valdez*, No. 121,053, 2021 WL 1324023, at *3 (Kan. App. (unpublished opinion) (noting that "evaluating such a challenge for the first time on appeal would require factual, legal, and historical analysis not found in this record"), *rev. granted* 314 Kan. ___ (August 27, 2021); *State v. Miner*, No. 122,372, 2021 WL 401282, at *2 (Kan. App.) (unpublished opinion) (noting failure to challenge constitutionality of probation condition prohibiting possession of a firearm below "deprived the trial judge of the opportunity to address the issue in the context of this case" which "analysis would have benefitted [appellate] review"), *rev. denied* 314 Kan. ___ (August 27, 2021); *State v. Pugh*, No. 120,929, 2021 WL 218900, at *5 (Kan. App. 2021) (unpublished opinion) ("Because Pugh failed to raise this issue at trial, there is a lack of evidence in the record to supply this court a sound foundation for meaningful review."); *State v. Tucker*, No. 121,260, 2020 WL 7293619, at *7 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* January 11, 2021; *State v. Johnson*, No. 121,187, 2020 WL 5587083, at *5 (Kan. App. 2020) (unpublished opinion) ("Though the ultimate decision as to whether a law infringes some constitutional provision is a question of law, constitutional questions—especially novel claims that have not been before considered—often involve considerable factual development and require the determination of multiple legal questions along the way."), *rev. denied* 313 Kan. 1044 (2021). We decline to consider the merits of Warren's constitutional challenge under the first exception for the same reason.

Regarding the second exception, Warren argues it applies for two reasons: (1) His challenge implicates an "explicit, textual protection of the right to bear arms," as provided

4

by both the federal and state Constitutions; and (2) reaching the merits would serve the ends of justice by providing him an opportunity to be heard while also promoting judicial economy by clarifying the issue for future litigants who may raise it in the district courts. The State contests both of these points, arguing Warren fails to provide legal support that section 4 describes a fundamental right and suggesting that judicial economy would be better served by defendants raising issues like this before the district court.

Contrary to the State's view, Warren's argument clearly involves a fundamental right because he is claiming that the criminal possession of a firearm statute violates section 4 of the Kansas Constitution Bill of Rights. That provision states, in relevant part: "A person has the right to keep and bear arms for the defense of self, family, home and state, for lawful hunting and recreational use, and for any other lawful purpose." Kan. Const. Bill of Rights, § 4 (2020 Supp.). This provision's counterpart is the Second Amendment to the United States Constitution: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Warren's challenge is framed in the denial of a fundamental right. See *State v. McKinney*, 59 Kan. App. 2d 345, 354, 481 P.3d 806 (addressing similar challenge to K.S.A. 2020 Supp. 21-6301[a][13] on the merits), *rev. denied* 313 Kan. 1044 (2021). However, Warren does nothing to overcome the total lack of development of a proper record at the district court level.

Likewise, Warren argues that consideration on the merits may be necessary to serve the ends of justice because the only issue at stake is the constitutionality of the statute he was convicted of violating. Although Warren suggests judicial economy would be served by reaching a decision on the merits because it would provide clarity, that is not a driving force for applying this exception. Rather, deciding this issue in Warren's favor would mean his sole conviction gets reversed. That necessarily means he must be able to show the statute violates the constitution in order to show that considering the issue serves the ends of justice or would prevent the denial of a fundamental right. See

5

*State v. Ortega-Cadelan*, 287 Kan. 157, 160, 194 P.3d 1195 (2008) ("The difficulty with this argument, as we have noted before, is that we must be able to consider the merits of the issue to determine if justice demands its resolution: '[T]o serve the ends of justice or to prevent the denial of fundamental rights, it follows that, on consideration, we must find reversible error occurred.' *State v. Williams*, 275 Kan. 284, 289-90, 64 P.3d 353 [2003].").

Regardless of whether this exception applies, this court is not obligated to consider the claim because the decision is a prudential one. See *Gray*, 311 Kan. 164, Syl. ¶ 1. Without a developed factual, legal, or historical record for this claim, we decline to reach the merits of Warren's constitutional challenge.

Appeal dismissed.